UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA WILLIAMS,

    Plaintiff,

v.

GRETCHEN WHITMER, *et al.*,

    Defendants.
_____/

Case No. 1:23-cv-1115

Hon. Robert J. Jonker

# REPORT AND RECOMMENDATION

This is a *pro se* civil action brought by *pro se* plaintiff Rita Williams against state officials Governor Gretchen Whitmer and Attorney General Dana Nessel, and county officials Hon. Frank G. Hillary, and assistant prosecutors Chris Elsworth and Julie Nafkoor Pratt. This matter is now before the Court on plaintiff's combined emergency motion for a temporary restraining (TRO) and preliminary injunction (ECF No. 15).

    **I.**    **Background**

Plaintiff Rita William's lawsuit arose from the following facts. Plaintiff's husband, Ryan James Williams, was charged in state court with the criminal offense of embezzlement over $100,000.00, pled no contest, and was sentenced to serve 120-240 months in prison and restitution for embezzling as much as $565,922.00 from his employer. *See* Plea Agreement (ECF No. 17-2); Plea Trans. (Oct. 26, 2022) (ECF No. 17-3); Sent. Trans. (Jan. 12, 2023) (ECF No. 17-4).[1] Plaintiff

---

[1] At the plea hearing, the government summarized Ryan Williams' crimes which occurred from 2016 through 2022:

"At that time, Mr. Williams was working as an employee of Flexab. He had access to some of the company credit cards from Flexab or at least the accounts and he used those accounts to order personal goods for his own use, not for the purpose of Flexab. So he converted the money of – and Flexab paid the bills for the goods that Mr. Williams ordered. So in a sense, he got goods from Flexab on their tab and the amount of goods was well over 100,000 dollars."

1

objected to this prosecution, started a blog about the unlawful arrest of her husband, contacted Attorney General Nessel's office for intervention and investigation of defendants' misconduct, "exercised her 1st Amendment rights and posted on social media about the prosecutorial and judicial misconduct that she believed to be happening regarding her husband's case that had a direct impact on her mental health," as a result of the post the Barry County Prosecutor's Office called the Michigan State Police to plaintiff's home for a wellness check because she was a danger to herself and her children, and filed "a complaint regarding the judicial and prosecutorial misconduct that was taking place in the Barry County Courthouse with the Michigan Department of Civil Rights". *See* Compl. (ECF No. 1, PageID.1-2). Plaintiff also alleged that defendants Elsworth and Pratt each sent her a friend request on her Facebook account as part of a plan to retaliate against plaintiff for exercising her protected speech and arrest her "on manufactured misdemeanor charges of stalking and using a computer to commit a crime." *Id*.

Plaintiff is currently the defendant in her own criminal case in the 56-B District Court (Barry County). On October 4, 2023, the state charged plaintiff Rita Williams with misdemeanors for stalking the prosecutors by use of a computer under M.C.L. §§ 750.411h and 752.797(3). *See* Case Details 56-B District Court (ECF No. 17-5). On October 6, 2023, plaintiff pled guilty and was released on a $2,000.00 bond. *Id*. at PageID.232-234.

On October 20, 2023, plaintiff filed federal lawsuit pursuant to 42 U.S.C. § 1983 seeking damages, injunctive relief and declaratory relief against defendants, alleging that the state arrested and charged her with criminal offenses in retaliation for exercising her First Amendment

---

Plea. Trans. at PageID.181. The restitution owed was calculated at $565,922.00, subject to a separate restitution hearing to resolve disputes. Sent. Trans. at PageID.219).

rights. She also alleged violations of the Eighth and Fourteenth Amendments and the Americans with Disabilities Act. *See* Compl. (alleging five counts).

On or about December 1, 2023, the state filed a motion to revoke plaintiff's bond for violating the terms related to using the internet. *See* People's Motion to revoke defendant's bond (ECF No. 15-1).[2] The state seeks to revoke the bond because plaintiff was using the internet "in flagrant violation of her bond conditions", *e.g.*, making Facebook posts about her husband's criminal case and her criminal case. *See id.* at PageID.131-133, 135-151. Shortly thereafter, plaintiff filed the present combined motion, asking this Court to stop the state criminal prosecution of the stalking charges in Barry County by issuing "a TRO enjoining Defendants from enforcing the conditions of her bond and enjoin Defendants from enforcing MCL 750.411(h) and 752.7973." *See* Motion at PageID.129.

## II.    Discussion

The Court construes plaintiff Rita William's combined motion as seeking a preliminary injunction against defendants.[3] The preliminary injunction "has been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (internal quotation marks omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Here, because plaintiff's state criminal

---

[2] The Court notes that the government's motion was filed by Michigan Assistant Attorney General Philip Jacques.

[3] The motion does not meet the requirements for a TRO under Fed. R. Civ. P. 65(b)(1)(A) or (B). Plaintiff did not set forth "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or certify in writing "any efforts made to give notice and the reasons why it should not be required. set forth facts in an affidavit or verified complaint." In this regard, while plaintiff's combined motion could be denied for failing to file a supporting brief as required by W.D. Mich. LCivR 7.1(a), the Court will address the merits of the motion.

prosecution is ongoing, the Court should abstain from addressing her claims to enjoin the state prosecution under the principles in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. University of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). *See also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).

> [A]bstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims.

*Doe*, 860 F.3d at 369, citing (6th Cir. 2017), citing *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432-34 (1982).

All of the elements of *Younger* abstention are met here. First, plaintiff Rita Williams is being prosecuted in an on-going state proceeding. *See Federal Express Corporation v. Tennessee Public Service Commission*, 925 F.2d 962, 969 (6th Cir. 1991) ("if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied'). Second, an important state interest is involved. *See Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Third, courts "must

4

presume that the state courts are able to protect the interests of the federal plaintiff." *Meyers v. Franklin County Court of Common Pleas*, 23 Fed. Appx. 201, 205 (6th Cir. 2001) (citations omitted). Nothing in this record suggests that plaintiff is prevented from raising her constitutional claims, or any other defense, in the criminal proceeding. On the contrary, the record reflects that plaintiff raised such claims and defenses in her motion to dismiss the state criminal prosecution. *See* Rita Williams Motion to dismiss (ECF No. 19-1).

Finally, as this Court observed in *Bey v. Ionia County Court*, No. 1:24-cv-289, 2024 WL 1793397 (W.D. Mich. April 25, 2024):

> Abstention is appropriate unless one of the three exceptions to the *Younger* abstention doctrine apples. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

*Bey*, 2024 WL 1793397 at *3. Here, plaintiff has not demonstrated that any of these exceptions exist. The state's response to plaintiff's motion to dismiss (ECF No. 19-2) addressed the basis for the criminal charges, and the state court denied plaintiff's motion on December 14, 2023 (ECF No. 19-3). In addition, the state's motion provided a factual basis to revoke plaintiff's bond, which included screen captures of plaintiff's Facebook account (ECF No. 15-1, PageID.135-151).

For all of these reasons, plaintiff's combined motion for injunctive relief should be denied on the basis of abstention.

### III.     Recommendation

Accordingly, I respectfully recommend that plaintiff's combined emergency motion for a TRO and preliminary injunction (ECF No. 15) be **DENIED**.


Dated:  June 20, 2024                                /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).